UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS FRANCIS KOWALSKE,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

Case No. 2:21-cv-12627

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING
OBJECTIONS [15], ADOPTING
REPORT AND RECOMMENDATION [14], DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [9], AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [11]**

The Commissioner of the Social Security Administration (SSA) denied Plaintiff Dennis Francis Kowalske's application for disability insurance benefits in a decision issued by an Administrative Law Judge (ALJ). ECF 1, PgID 2. After the SSA Appeals Council declined to review the ruling, Plaintiff appealed. *Id.* The Court referred the matter to Magistrate Judge Elizabeth A. Stafford. ECF 2. The parties cross-moved for summary judgment. ECF 9; 11. The magistrate judge issued a report and recommendation (Report) that suggested the Court deny Plaintiff's motion and grant the Commissioner's motion. ECF 14. Plaintiff timely objected to the Report, ECF 15, and the Commissioner replied, ECF 17. After examining the record and considering Plaintiff's objections de novo, the Court finds that his arguments lack merit. For that reason, the Court will overrule the objections, adopt the Report's findings, deny

1

Plaintiff's motion for summary judgment, and grant the Commissioner summary judgment.

## BACKGROUND

The Report thoroughly detailed the events leading to Plaintiff's action against the Commissioner. ECF 14, PgID 945–48. Neither party objected to the background portion. The Court will therefore adopt that portion of the Report.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) governs the review of a magistrate judge's report. The Court's standard of review depends on whether a party objects. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Individuals who receive an adverse final decision from the SSA may appeal the decision to a federal district court. 42 U.S.C. § 405(g). When reviewing a case under § 405(g), the Court "must affirm the [SSA's] conclusions absent a determination that the [SSA] has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence consists of

"more than a scintilla of evidence but less than a preponderance" so that "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Loral Def. Sys.–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (internal quotations and citation omitted) (alteration omitted).

## DISCUSSION

Plaintiff raised one objection to the Report. ECF 15, PgID 971. Plaintiff argued that the magistrate judge erred when she found "[t]he ALJ's failure to evaluate Dr. Prasad's medical opinion regarding the need for an assistive device" harmless. *Id.* Plaintiff claimed that the ALJ erred when she "credit[ed] Dr. Prasad's findings over [Plaintiff's] testimony." *Id.* at 974. Plaintiff further alleged that the ALJ's error was not harmless because Plaintiff "sufficiently demonstrate[d] that he required an assistive device under SSR 96-9p." *Id.* at 972.

"To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for the device to aid in walking or standing*,* and describing the circumstances when it is needed." SSR 96-9p, 1996 WL 374185 (Jul. 2, 1996). Without any such evidence, remand by the Court is inappropriate. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507 (6th Cir.

2006) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result.") (quotation omitted).

In the present motion Plaintiff presented one piece of "competing [medical] evidence" that he believed showed his need for an assistive device. ECF 15, PgID 972. He argued that his parking "disability placard," recommended to him by a doctor, is evidence of his need for an assistive device. *Id.* at 972–74. He also contended that statements from his wife and from himself demonstrated "that he required his cane." *Id.* at 973.

The ALJ considered the handicap parking placard and nonetheless found there was no supporting medical documentation of Plaintiff's need for an assistive device in the record. *See* ECF 7, PgID 50, 52; *see also Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007) ("[A] disability placard adds nothing to a finding of disability here because there is no evidence that the two have substantially similar requirements."). Indeed, the ALJ cited several portions of Plaintiff's medical records and analyzed the entire record before her. *See* ECF 7, PgID 45–53. But the ALJ nevertheless found that a handicap parking placard, without accompanying medical documentation, is not dispositive evidence of Plaintiff's need for an assistive walking device. *Id.*; *see also* ECF 15, PgID 974 (acknowledging that "disability parking placards are not dispositive on the issue of disability"). What is more, Plaintiff's and his wife's statements "that he required his cane" are not *medical* evidence. ECF 15, PgID 973; *see* SSR 96-9p, 1996 WL 374185. And the Court "will not reweigh the evidence

4

considered by the ALJ." *Seibert v. Comm'r of Soc. Sec.*, No. 17-13590, 2019 WL 1147066, at *2 (E.D. Mich. Mar. 13, 2019) (Cleland, J.) (citing *Big Branch Res., Inc. v. Ogle*, 737 F.3d 1063, 1074 (6th Cir. 2013)).

After independent review of the record, the Court finds that the ALJ's failure to evaluate Dr. Prasad's medical opinion about Plaintiff's need for an assistive device was harmless because Plaintiff's need for a cane lacks support by the evidence. In his objection, Plaintiff provided no medical evidence of his need for an assistive device. *See* ECF 15. And a doctor's recommendation or prescription that Plaintiff have a handicap parking placard does not satisfy the requirement of "medical documentation." SSR 96-9p, 1996 WL 374185; *see Schwartz v. Comm'r of Soc. Sec. Admin.*, No. 4:18-cv-12190, 2019 WL 3943863, at *6 (E.D. Mich. Aug. 1, 2019), *report and recommendation adopted by Schwartz*, 2019 WL 3936666 (E.D. Mich. Aug. 20, 2019) ("The ALJ recognized that Plaintiff was prescribed a cane in May 2016 due to her reports of lower back pain, but properly noted that there is no indication that it was considered medically necessary for ambulation or balancing.") (cleaned up). Because there is no medical evidence of Plaintiff's need for a cane, the ALJ's failure to evaluate Dr. Prasad's medical opinion about the need for an assistive device was harmless. *See Kornecky*, 167 F. App'x at 507. The Court will thus overrule Plaintiff's sole objection.

## CONCLUSION

The Court has reviewed the parties' motions, the Report, and Plaintiff's objection. For the reasons stated above, the Court finds Plaintiff's objection

5

unconvincing and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Plaintiff's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's objection to the report and recommendation [15] is **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [14] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [9] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment [11] is **GRANTED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 9, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 9, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager